FELICE GRAZIOSO, PLAINTIFF-APPELLEE, v. SARAH HIRSCHFIELD AND EDWARD HIRSCHFIELD, DEFENDANTS-APPELLANTS.

Submitted February 5, 1925—Decided April 13, 1925.

Contracts—Sale of Land by Tenants in Common, Each Signing Contract—Upon Breach Suit was Brought Only on One of the Tenants—Joint Debtors' Acts Seem to Provide for Action Against Both—If Service Impossible, Return Should so Show.

On appeal from the Second District Court of the city of Jersey City.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Clarence Kelsey* and *McMaster & Mc-Master.*

For the appellee, *Messano & Messano.*

PER CURIAM.

Sarah Hirschfield and Flora Harris owned the property in question as tenants in common. Both owners, with their respective husbands, signed a contract to sell the same to the plaintiff, and the alleged breach of that contract is the basis of this suit.

Plaintiff brought this suit in the District Court against only one of such joint contractors, namely, Sarah Hirschfield (and her husband).

The plaintiff's demand and the contract in question attached thereto shows that the other joint contractor, Flora Harris (and her husband), at the time of signing the contract resided in Brooklyn, New York.

The defendant Sarah Hirschfield at once assumed the position, and, we think, rightly; that suit should have been begun against both tenants in common, because they were both parties of the first part to the written contract of sale annexed to and part of the plaintiff's demand, and, in ample time for the amendment of the pleadings and summons, gave plaintiff written notice of such objection, and also, at the commencement of the trial, pursuant to notice, moved to strike out the pleadings for the reason indicated; but the plaintiff disregarded the objection, and the trial judge overruled the motion, and the trial proceeded against the defendant alone and resulted in a verdict and judgment for the plaintiff, from which judgment defendant appeals.

It seems quite clear to us that this proceeding was erroneous. But not joining Flora Harris (and her husband), and in continuing in refusing to so join them, plaintiff committed an omission fatal to his case.

The Obligations and Joint Debtors' act (*Comp. Stat., p.* 3777, § 2) declares "that all persons jointly indebted to any other person or persons, upon any joint contract, obligation, matter or thing, for which a remedy might be had at law against such debtors, in case all were taken by process issued out of any court of this state, shall be answerable to their creditors separately for such debts—that is to say, such creditor or creditors may issue process against such joint debtors, and in case any of such joint debtors shall be taken and brought into court by virtue of such process, such of them so taken and brought into court shall answer to the plaintiff or plaintiffs; * * *."

In the present case, as we have pointed out, plaintiff made no attempt to take Flora Harris (and her husband) by

process, since no process was issued directed to her or her husband, they not being parties to the suit. It is not to be assumed that they could not have been found within the jurisdiction and served with process. We think that plaintiff should have joined Flora Harris (and her husband) as parties defendant, and then, had they still been living in Brooklyn, and not found to be served with process, the return would have so showed. In such case the rule laid down in *Blessing* v. *McLinden*, 81 *N. J. L.* 379, would apply, that "where one of two joint debtors resides within this jurisdiction, and the other is a non-resident and is not found to be served with process within this state, the plaintiff may have his judgment against the resident debtor who has been served with process, omitting the non-resident."

The judgment below will be reversed.